The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 11, 2017, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: December 11, 2017



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 16-16215 |
| | ) | |
| PATRICIA ANN MARTIN, | ) | Chapter 13 |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DALE E. KRAKORA, | ) | Adversary Proceeding |
|     Plaintiff, | ) | No. 17-1022 |
| | ) | |
| v. | ) | Judge Arthur I. Harris |
| | ) | |
| PATRICIA ANN MARTIN, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION[1]

On February 20, 2017, the debtor's ex-husband, Dale E. Krakora, filed this adversary proceeding based upon the parties' divorce decree that allegedly requires the defendant-debtor, Patricia Ann Martin, to be responsible for the mortgage

---

[1] This Opinion is not intended for official publication.

payments on the former marital residence and to hold her ex-husband harmless for this debt. The debtor's ex-husband seeks a determination that this obligation is nondischargeable pursuant to 11 U.S.C. § 523(a)(15) and, presumably, 11 U.S.C. § 523(a)(5). The case is currently before the court on the debtor's amended motion for summary judgment. For the reasons that follow, the debtor's amended motion for summary judgment is denied.

## JURISDICTION

The Court has jurisdiction over this matter. A determination as to the dischargeability of a particular debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Court has jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

## PROCEDURAL HISTORY

This adversary proceeding was preceded by state court divorce proceeding *Patricia Krakora v. Dale Krakora*, case number 10 DR 072694, filed in the Lorain County Court of Common Pleas.

On November 10, 2016, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. In Schedule E/F, the debtor listed her ex-husband as a priority unsecured creditor with an unknown claim amount

(Docket No. 1). She marked the type as "domestic support obligation" and specified, "divorce decree" (Docket No. 1). She also listed her ex-husband as a nonpriority unsecured creditor with an unknown claim amount (Docket No. 1).

On February 20, 2017, the debtor's ex-husband filed the above-captioned adversary proceeding objecting to the discharge of the debt allegedly owed to him. The debtor's ex-husband argues that the alleged debt is nondischargeable under 11 U.S.C. § 523(a)(15) and, alternatively, pursuant to the terms of the judgment entry in the parties' divorce decree. The Court construes this as also objecting to discharge under 11 U.S.C. § 523(a)(5).

On March 8, 2017, the debtor answered the complaint, denying the substantive allegations. A pretrial hearing was held on April 4, 2017, a pretrial minutes and trial scheduling order was issued, and a trial was scheduled for October 19, 2017. On July 31, 2017, the debtor filed a motion for summary judgment (Docket No. 8). On August 1, 2017, the debtor filed an amended motion for summary judgment (Docket No. 11). After the Court granted the debtor's ex-husband's motion for extension of time to respond, he filed a response to the amended motion for summary judgment on September 28, 2017 (Docket No. 20). The debtor filed a reply brief on October 12, 2017 (Docket No. 21). On October 13, 2017, the Court postponed the trial until further order of the Court

(Docket No. 22). A hearing on confirmation of the debtor's Chapter 13 plan is currently scheduled for December 21, 2017.

SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended in 2010, the amendments did not substantively change the summary judgment standard. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).

"A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

4

The party seeking summary judgment carries the initial burden of demonstrating the absence of a genuine issue of material fact. The movant may carry this initial burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this initial burden, "the nonmoving party may not rest upon its allegations and denials, but rather must set forth specific facts showing that there is a genuine issue for trial." *Snow v. Nelson*, 634 Fed. App'x 151, 154 (6th Cir. 2015).

FACTS FOR SUMMARY JUDGMENT

Unless otherwise indicated, the following facts are undisputed. Patricia Ann Martin, the defendant-debtor, and Dale E. Krakora, the debtor's ex-husband, were married in 1981. On April 27, 2011, the domestic relations division of the Lorain County Court of Common Pleas issued a judgment entry and decree of divorce, which provided in pertinent part:

> H. The Court further finds that the Wife is the titled owner of the marital residence located at 19464 Rollingbrook Lane, Columbia Station, Ohio 44028 ("Residential Property") and that the mortgage lien exists in the amount of approximately $385,000.00. The current market value of the home is approximately $312,500.00. There is no equity in the marital residence.
>
> . . . .

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Plaintiff, Patricia Krakora, shall retain as her own, free and clear of any claim of the Defendant, all of the right, title and interest in and to the Residential Property located at 19464 Rollingbrook Lane, Columbia Station, Ohio 44028 and Defendant shall receive no equity therefrom. Defendant shall assign to Plaintiff all of his right, title and interest in the Residential Property by quit-claim deed within ten (10) days of journalization of this decree. Plaintiff shall pay and be responsible for all utilities, taxes, insurance, homeowners insurance, mortgage payments, maintenance and any and all other expenses associated with the Residential Property and she shall hold the Defendant harmless thereon and indemnify him from any and all claims arising thereon.

Plaintiff shall make every effort to refinance the Residential Property in her name solely or otherwise remove Defendant's name from any mortgage loan associated with the property as soon as financially possible.

There is no equity in the Residential Property. Plaintiff shall enjoy the benefit of any future equity of the Residential Property free and clear of any claim of the Defendant.

. . . .

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that neither party shall pay spousal support to the other.

. . . .

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that it is the specific intention of the parties that the obligations of the parties as set forth in the division of assets and liabilities in this entry are actually in the nature of maintenance, and support for one another respectively and thus are not intended by them to be dischargeable in bankruptcy.

If either party hereafter files a Petition in any Bankruptcy Court: (1) the party so filing will immediately send the other a complete copy of the bankruptcy petition; (2) said party shall not request the Bankruptcy Court to discharge any obligation due to or on

6

behalf of the other pursuant to this Entry; (3) said party shall execute a reaffirmation entry as provided by 11 US 524(c), to reaffirm his or her obligation due to or on behalf of the other pursuant to this entry; and; (4) in the event that said party's obligations pursuant to this entry in fact are discharged in bankruptcy, the parties agree that the non-filing party shall have the right to petition the Court for spousal support in the Lorain County Domestic Relations Court in order to compensate said party fully for any obligation that they incur due to said bankruptcy.

During her deposition, the debtor stated that neither party was supposed to pay spousal support to the other. Docket No. 20-1, pg. 24. The debtor also stated that she misunderstood the labeling of the parties' obligations as support paragraph 5 of the divorce decree and that she did not intend to agree to owe spousal support. Docket No. 20-1, pg. 27. The debtor also argues that the provision in the divorce decree allowing a party to petition the state court for spousal support if an obligation is discharged in bankruptcy implies that the parties knew all along that the hold harmless obligation was not support under bankruptcy law.

During his deposition, the debtor's ex-husband stated that according to the divorce decree, neither party would pay spousal support to the other. Docket No. 11-3, pg. 7. The debtor's ex-husband also said there was no other agreement to pay spousal support outside of the divorce decree. Docket No. 11-3, pg. 8. When asked if the hold harmless clause was a form of support, the debtor's

7

ex-husband said he did not understand the question but that "you can't tie support in a hold harmless." Docket No. 11-3, pg. 13. The debtor's ex-husband then stated that he did not say, "You can't tie support to a hold harmless." Docket No. 11-3, pg. 13. The debtor's ex-husband stated that at the time of the divorce decree, he was not entitled to support. Docket No. 11-3, pg. 14. The debtor's ex-husband then stated that the hold harmless agreement now entitled him to support because the debtor failed to hold him harmless. Docket No. 11-3, pg. 14.

## DISCUSSION

### I. DISCHARGEABILITY UNDER SECTION 523(a)(15)

Although the debtor's ex-husband seeks a determination of nondischargeability under section 523(a)(15), that provision has no application to general Chapter 13 discharges under 11 U.S.C. § 1328(a). Whether a particular debt falls within section 523(a)(15) is irrelevant to a Chapter 13 debtor who receives a discharge under section 1328(a). On the other hand, section 523(a)(15) does apply to a Chapter 13 debtor who receives a hardship discharge under section 1328(b). "Thus, debts described in § 523(a)(15) are always excepted from a hardship discharge under § 1328(b), but are never excepted from discharge under

8

§ 1328(a)." *Rismiller v. Schweitzer (In re Schweitzer)*, Adv. No. 14-3137, 2015 WL 5918031 at *5 (Bankr. N.D. Ohio Oct. 8, 2015).

In the present case, the debtor's Chapter 13 plan has not yet been confirmed, let alone completed, so the type of discharge to which the debtor may be entitled cannot be determined at this time. Thus, it would be premature to describe nondischargeability under section 523(a)(15) as a "non-issue" as the debtor asserts in her amended motion for summary judgment. In addition, the debtor's obligation to hold her ex-husband harmless in the divorce decree would likely fall within the broader definition of nondischargeable debts contained in section 523(a)(15). *Cheatham v. Cheatham (In re Cheatham),* No. 08-63664, 2009 WL 2827951, *5 (Bankr. N.D. Ohio Sept. 2, 2009) (hold harmless agreement non-dischargeable under section 523(a)(15)). *See also* H.R. Rep. No. 103-835, 54, 1994 U.S.C.C.A.N. 3340, 3363 (Section 523(a)(15) adds a new exception to discharge for "hold harmless" and property settlement obligations). Accordingly, to the extent that the debtor seeks summary judgment as to nondischargeability under section 523(a)(15), that motion is denied.

## II. DISCHARGEABILITY UNDER SECTION 523(a)(5)

Although the debtor's ex-husband does not cite to section 523(a)(5) in his adversary complaint, the Court will construe the complaint as seeking

9

nondischargeability under this provision. *See Johnson v. City of Shelby, Miss.*, ––– U.S. –––, 135 S. Ct. 346, 346 (2014) (Federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."). Moreover, the debtor's amended motion for summary judgment specifically addresses nondischargeability under section 523(a)(5), so the debtor is in no way prejudiced by any omission of section 523(a)(5) in the adversary complaint.

A general discharge under 11 U.S.C. § 1328(a) discharges a debtor from all debts provided for in the debtor's completed plan, except those debts listed in paragraphs 1-4 of section 1328(a), including certain debts of the kind specified under section 523(a)(5), which excepts from discharge any debt for a "domestic support obligation." *See* 11 U.S.C. § 1328(a)(2) and 523(a)(5).

A domestic support obligation is defined as:

> A debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is —
>     (A) owed to or recoverable by —
>         (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>         (ii) a governmental unit;
>     (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

> (C) established or subject to establishment before, on, or after the date of the other for relief in a case under this title, by reason of applicable provisions of —
>> (i) a separation agreement, divorce decree, or property settlement agreement;
>> (ii) an order of a court of record; or
>> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14). In addition, unsecured claims for domestic support obligations are priority claims under section 507(a)(11) that must generally be paid in full through the debtor's Chapter 13 plan. 11 U.S.C. § 1322(a)(2). *See also In re Thomas*, 511 B.R. 89, 94 (6th Cir. BAP 2014).

In determining whether a debt is actually in the nature of alimony, maintenance, or support, bankruptcy courts look to traditional state law indicia that are consistent with a support obligation. *See Sorah v. Sorah (In re Sorah)*, 163 F.3d 397, 401 (6th Cir. 1998).

> These include, but are not necessarily limited to, (1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of a third-party debt, and (3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits.

*In re Sorah*, 163 F.3d at 401.

11

In applying the factors from *In re Sorah*, the Court notes that the debtor's obligation under the divorce decree is not a direct payment to a former spouse and is not contingent upon future events such as death, remarriage, or eligibility for Social Security benefits. This leaves only the contradictory labeling of the obligation at issue. The mere labeling of an obligation by the parties as one for alimony, maintenance, or support will not, by itself, render the obligation nondischargeable. *In re Calhoun*, 715 F.2d 1103, 1111 (6th Cir. 1983).

If the language in the divorce decree is unclear as to the designation of the hold harmless provision, courts have used a heightened test that looks to whether the parties intended the award to be support. *In re Calhoun*, 715 F.2d at 1109. The divorce decree explicitly provides that "neither party shall pay spousal support to the other." On the other hand, the divorce decree goes on to provide that "it is the specific intention of the parties that the obligations of the parties as set forth in the division of assets and liabilities in this entry are actually in the nature of maintenance and support for one another respectively and thus are not intended by them to be dischargeable in bankruptcy." These two provisions contradict each other.

When faced with similar contradicting provisions, the bankruptcy court for the Western District of Michigan held that the obligations were not support without

examining the intent of the parties. *In re Lewis*, 423 B.R. 742, 750 (Bankr. W.D. Mich. 2010) (conflicting label in order, no direct payment to former spouse, and the obligation did not terminate upon a condition subsequent, such as remarriage, death, or qualification for Social Security benefits). The definition of domestic support obligation does not include intent. 11 U.S.C. § 101(14).

In this case, the Court will look to the intent of the parties because the parties have provided deposition testimony unlike in *In re Lewis*. During her deposition, the debtor maintained that neither party intended the hold harmless provision to be spousal support. *See* Docket No. 20-1, pg. 24, 27. During his deposition, the debtor's ex-husband also stated that according to the divorce decree, the debtor was not obligated to pay spousal support to him and that he was not entitled to support at the time. Docket No. 11-3, pg. 7, 14. When asked if the hold harmless clause was a form of support, he said he did not understand the question but that "you can't tie support in a hold harmless." Docket No. 11-3, pg. 13. He then denied that he said, "You can't tie support to a hold harmless." Docket No. 11-3, pg. 13. However, he stated that the hold harmless agreement now entitled him to support because the debtor failed to hold him harmless. Docket No. 11-3, pg. 14. When this evidence is viewed in a light most favorable to the debtor's ex-husband, the parties' intent is unclear thus establishing an issue

13

of genuine material fact. Accordingly, to the extent that the debtor seeks summary judgment as to nondischargeability under section 523(a)(5), that motion is denied.

## CONCLUSION

For the reasons stated above, the debtor's amended motion for summary judgment is denied.

IT IS SO ORDERED.